**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MANUEL GUERRERO** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** 5:19-cv-00502 |
| | § | |
| **SOUTHERN TIRE MART, LLC** | § | |

## NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

Defendant Southern Tire Mart, LLC ("Southern Tire Mart"), with a full reservation of rights, respectfully submits this Notice of Removal and Demand for Jury Trial to the United States District Court for the Western District of Texas.  In support of this Notice of Removal and Demand for Jury Trial, Defendant states as follows:

1.      On or about April 10, 2019, the Plaintiff, Manuel Guerrero, filed this civil action in the 365th Judicial District Court for Dimmit County, State of Texas, styled *Manuel Guerrero v. Southern Tire Mart, LLC* bearing docket number 19-04-13643-DCVAJA.  *See* Petition for Damages, attached as Exhibit A.

2.      The filing of this Notice of Removal is not later than thirty days after service on any defendant, as Defendant Southern Tire Mart was served on April 10, 2019.

3.      This matter is removable to this Court under diversity of citizenship jurisdiction.  This Court therefore properly exercises jurisdiction.

## Diversity Jurisdiction

4.      Federal diversity jurisdiction exists over this removed action pursuant to 28 U.S.C. §§ 1332 and 1367, because all relevant parties are diverse and the amount in

controversy, with respect to all or at least one plaintiff, exceeds seventy-five thousand dollars ($75,000.00).

5.     Plaintiff is a domiciliary, resident, and citizen of the State of Texas.  *See* Exhibit A.

6.     Defendant Southern Tire Mart is a Mississippi limited liability company and has its principal place of business in the State of Mississippi.  Its two owners/members are the Thomas Milton Duff Individual Trust and the James Ernest Duff Individual Trust, both of which were formed in Mississippi and are Mississippi residents. The member/owner of the Thomas Milton Duff Individual Trust is Mr. Thomas Milton Duff, a resident of the State of Mississippi.  The member/owner of the James Ernest Duff Individual Trust is Mr. James Ernest Duff a resident of the State of Mississippi.  Because the citizenship of a limited liability company is determined by the citizenship of all of its members, *see Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008), Defendant Southern Tire Mart is a resident of the State of Mississippi.

7.     Because Plaintiff is a citizen of the State of Texas and Defendant is not, there is complete diversity of citizenship between Plaintiff and Defendant in this matter. *See* 28 U.S.C. § 1332.

8.     Plaintiff's petition also meets the $75,000 amount-in-controversy requirement for diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).  When a plaintiff's monetary demand is stated in the complaint, a defendant may rely upon the allegation to meet the federal diversity jurisdiction amount in controversy requirement.  *See* 28 U.S.C. § 1446(c)(2).  Plaintiff specifically alleges in his Petition that he "is seeking damages in

an amount not less than $200,000.00 but not more than $1,000,000.00." Exhibit A, ¶ 20. It is facially apparent that the amount in controversy requirement is met based upon the damage sought in Plaintiff's Petition.

## Procedural Requirements

9.      In accordance with 28 U.S.C. §§ 1441 and 1446, this Notice of Removal is timely filed, being filed not later than thirty days after service of the Plaintiff's Petition for Damages.

10.      Contemporaneously with the filing of this Notice, pursuant to 28 U.S.C. § 1446(d), Defendant will provide notice to all adverse parties through delivery of a copy of this Notice of Removal and will also provide a copy of this Notice of Removal to the Dimmit County District Clerk's Office.

11.      Pursuant to 28 U.S.C. § 1446(d), the filing of this Notice of Removal in this Court and the filing of same with the state court serves immediately to confer upon this Court exclusive jurisdiction over this action and simultaneously to divest the state court of jurisdiction with respect to this action.

12.      Pursuant to 28 U.S.C. § 1446(a), Defendant attaches to this Notice of Removal a copy of all pleadings, process, orders, and other filings in the state court action. *See* State Court Record, attached as Exhibit B.

13.      Defendant specifically reserves its right to amend or supplement this Notice of Removal.

**Jury Trial Demand**

14.     Pursuant to Federal Rule of Civil Procedure 38, a jury trial is demanded on all issues presented in this case.

WHEREFORE, Defendant respectfully prays that this matter be removed to the United States District Court for the Western District of Texas for further proceedings and disposition, that it receive a jury trial on all issues presented in this case, and for such other and further relief, whether general or special, at law or in equity, to which it may be entitled.

Respectfully submitted,

**CHAMBLEE RYAN, P.C.**

By:___*/s/ Jeffrey W. Ryan*_____
    **Jeffrey W. Ryan**
    State Bar No. 17469600
    jryan@cr.law
    2777 N. Stemmons Freeway, Suite 1157
    Dallas, Texas  75207
    (214) 905-2003
    (214) 905-1213 (Facsimile)

    **Attorney for Defendant Southern Tire Mart, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and that I have served a true and correct copy of the same to all parties through their counsel of record via the Court's e-filing system in compliance with the Rules of this Court:

G. James Martinez
The Martinez Law Firm
12330 West Ave., Ste. 201A
San Antonio, Texas 78216

_____*/s/ Jeffrey W. Ryan*_____
Jeffrey W. Ryan

# EXHIBIT A

Filed 4/10/2019 1:12 PM
Maricela G. Gonzalez
District Clerk
Dimmit County, Texas
Reviewed By: Amy Munoz

CAUSE NO. 19-04-13643-DCVAJA

| MANUEL GUERRERO | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 365TH  JUDICIAL DISTRICT |
| | § | |
| SOUTHERN TIRE MART, LLC | § | DIMMIT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MANUEL GUERRERO, Plaintiff in the above-styled and numbered cause (hereinafter called "Plaintiff"), complaining of SOUTHERN TIRE MART, LLC, Defendant (hereinafter called "Defendant" or "Southern Tire Mart"), and would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 2.

### II.
### PARTIES AND SERVICE

2.    Plaintiff Manuel Guerrero is an individual who is a resident of the State of Texas whose address is 1207 North 11th Street, Carrizo Springs, Texas 78834. The last three numbers of Plaintiff's driver's license are 975 and the last three of his social security number are 507.

3.    Defendant SOUTHERN TIRE MART, LLC, is an entity conducting business in Texas and may be served with citation by and through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. Citation and service are hereby requested to issue via certified mail return receipt requested.

1

A true copy of the original I Certify
the ____ day of _____ 20 __
MARICELA G. GONZALEZ
Clerk of the District Court
Dimmit County, Texas
By_____, Deputy

### III.
### JURISDICTION AND VENUE

4.     The subject matter in controversy is within the jurisdictional limits of this Court.

5.     This Court has jurisdiction in this case because the incident is based on appropriate subject matter of personal injury and based upon sufficient amount in controversy.

6.     Venue in Dimmit County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV.
### FACTUAL BACKGROUND

7.     Defendant Southern Tire Mart is an entity conducting business in the State of Texas. Defendant has several stores throughout Texas. Defendant's website www.stmtires.biz identifies numerous commercial tires which are sold as part of its business purpose.

8.     Defendant requires the use of labor for which it employs many individuals in the State of Texas. An exact number of employees in Texas is unknown at this time. Additionally, Defendant is a nonsubscriber of Texas Workers' Compensation Insurance Coverage System.

9.     As such, Defendant's employees injured while in the course and scope of their employment are not barred from filing a lawsuit against Southern Tire Mart. Moreover, Southern Tire Mart is named as a Defendant in Texas in other lawsuits alleging employer negligence which caused the injured worker to sustain to injuries.

10.    Defendant employs individuals known as store managers and service managers who oversee the hiring and training of new employees. Moreover, the store managers and service managers supervise the daily activities of Defendant's lower level employees including tire

2

installers and technicians. Store managers also inspect the vehicles, tools and equipment the tire installers and technicians which are used for offsite repairs and/or installations.

11.     As such, Defendant and its managers have a legal duty to ensure that each employee is proper training and instruction for tasks assigned. Defendant and its managers have a legal duty to provide each employee with a safe work environment. Defendant and its managers have a legal duty provide each employee with the necessary and proper vehicles, tools and equipment to complete the tasks assigned.

12.     On or about October 5, 2018, Plaintiff Manuel Guerrero was present at Southern Tire Mart located in Carrizo Springs, Texas. On that day, Plaintiff was dispatched to an oilfield wellsite off Diamond H Rd. in Dimmit County, Texas. Plaintiff was in the course and scope of his employment with Defendant.  Plaintiff was instructed to replace a tire on a telehandler the oilfield site.

13.     Upon arrival, Plaintiff noticed the tire flat and partially off the tire rim.  Plaintiff began raising the telehandler with the jack placed on a wood block as instructed during his training. While Plaintiff was lifting the telehandler, the wood block snapped in half.  Instantly the telehandler crashed down onto Plaintiff's left shoulder.  Defendant and its managers' conduct including providing and instructing Plaintiff to use a wood block created a dangerous situation which proximately caused and/or contributed to Plaintiff's injuries which were foreseeable.

14.     Plaintiff has required continued medical treatment. Moreover, the injuries proximately caused by Defendant and its managers resulted in permanent injury to Plaintiff. Consequently, Plaintiff has filed this lawsuit as a result of the injuries and damages sustained as a result of Defendants' negligent acts and/or omissions.

3

## V.
## NEGLIGENCE

**SOUTHERN TIRE MART, LLC**

15.     All facts and jurisdictional facts stated above in sections I. through IV. are incorporated

herein by reference as if fully set forth with emphasis added to paragraphs 7 through 14. Plaintiff

asserts claims and cause of action of negligence against Defendant Southern Tire Mart, LLC.

Plaintiff's claims and cause of action which form the basis of this litigation are due to Defendant

the negligent acts and/or omissions pertaining to the work environment Plaintiff was subjected to

as an employee of Southern Tire Mart.

16.     All facts and jurisdictional facts stated above in sections I. through IV. are incorporated

herein by reference as if fully set forth with emphasis added to paragraphs 7 through 14.  As the

former employer of Plaintiff, Defendant owed a legal duty to its employees including Plaintiff to

enjoy a safe workplace and safe work environment.  Moreover, Defendant is vicariously liable

for the negligent acts and/or conduct of its employees including the store manager and/or service

manager whose negligent acts and/or omissions proximately caused Plaintiff's injuries and

damages. Defendant breached a legal duty owed to Plaintiff which caused his injuries and

damages complained of in this lawsuit in the following manner:

    a.  failing to provide a safe work environment;
    b.  negligent hiring, retention and supervision of its employees;
    c.  failure to warn of unknown dangers;
    d.  negligent instructions and oversight;
    e.  negligent undertaking;
    f.  failing to provide adequate training of its employee;
    g.  failing to provide necessary tools, supplies and equipment;
    h.  negligently providing inferior and/or poorly maintained tools, supplies and equipment; and
    i.  failing to establish and maintain policies and procedures to prevent injuries such as those injuries sustained by Plaintiff.

4

17.    All facts and jurisdictional facts stated above in sections I. through IV. are incorporated herein by reference as if fully set forth with emphasis added to paragraphs 7 through 14. As a direct result of the negligent conduct of Defendant and is store and/or service manager, Plaintiff sustained injuries and damages.  Plaintiff would further show that Defendant and/or its managers knew or should have known that the negligent conduct would result in injuries to employees including Plaintiff.  Therefore, Plaintiff's injuries were reasonably foreseeable by his employer and/or its managers.

18.    Plaintiff would further show that Defendant and its manager(s) were aware of the substantial risk of injury to its employees including Plaintiff while using wood blocks to replace commercial tires.  Plaintiff would further show that Defendant and its manager(s) acted with reckless disregard or deliberate indifference toward Plaintiff when providing him with training, equipment and task assignments.

## VI.
## DAMAGES

19.    Plaintiff would show, as a direct and proximate result of the negligent acts and/or omissions of the Defendants herein, that Plaintiff has suffered the following damages for which he has filed this lawsuit:

    a.  Physical and emotional injuries;
    b.  Conscious physical pain and suffering in the past and future;
    c.  Mental anguish;
    d.  Permeant physical impairment;
    e.  Past and future medical expenses;
    f.  Lost wages; and
    g.  Loss of earning capacity.

20.    Many elements of damage, including pain, suffering and mental anguish in the past and future, past and future physical impairment, and lost earning capacity, cannot be determined with mathematical precision.  Furthermore, the determination of many of these elements of damages

peculiarly within the province of a jury.  Plaintiff is seeking damages in an amount not less than $200,000.00 but not more than $1,000,000.00.

## VII.
## JURY DEMAND

21.     Plaintiff hereby requests a trial by jury.

## VIII.
## REQUESTS FOR DISCLOSURE

22.     Pursuant to Rule 194, Texas Rules of Civil Procedure, Defendant is requested to disclose to Plaintiff, within 50 days of service of this request, the information or material described in Rule 194.2 to be produced at The Martinez Law Firm, 12330 West Ave., Ste. 201A, San Antonio, Texas 78216.   The Defendant is hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## IX.
## PRAYER

WHEREFORE, PREMISE CONSIDERED, Plaintiff prays the Defendant be duly cited to appear and answer herein, and that upon final trial of this cause, Plaintiff have and recovers a judgment of and from the Defendant herein, in an amount within the jurisdictional limits of this court, for both pre-judgment and post-judgment interest as allowed by law, plus costs of court, and for such other and further relief, both general and special, at law or in equity, to which the Plaintiff may be justly entitled.

Respectfully submitted,

By:   /s/ G. James Martinez
G. James Martinez
State Bar No. 24089444
The Martinez Law Firm
12330 West Ave. Ste. 201A
San Antonio, TX 78216
T: (210) 390-0868
F: (877) 330-7572
Email: martinezfirm@gmail.com
ATTORNEYS FOR PLAINTIFF

# EXHIBIT B

Filed 4/10/2019 1:12 PM
Maricela G. Gonzalez
District Clerk
Dimmit County, Texas
Reviewed By: Amy Munoz

CAUSE NO. 19-04-13643-DCVAJA

| | | |
|---|---|---|
| **MANUEL GUERRERO** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **365TH JUDICIAL DISTRICT** |
| | § | |
| **SOUTHERN TIRE MART, LLC** | § | **DIMMIT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MANUEL GUERRERO, Plaintiff in the above-styled and numbered cause (hereinafter called "Plaintiff"), complaining of SOUTHERN TIRE MART, LLC, Defendant (hereinafter called "Defendant" or "Southern Tire Mart"), and would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 2.

### II.
### PARTIES AND SERVICE

2.    Plaintiff Manuel Guerrero is an individual who is a resident of the State of Texas whose address is 1207 North 11th Street, Carrizo Springs, Texas 78834. The last three numbers of Plaintiff's driver's license are 975 and the last three of his social security number are 507.

3.    Defendant SOUTHERN TIRE MART, LLC, is an entity conducting business in Texas and may be served with citation by and through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. Citation and service are hereby requested to issue via certified mail return receipt requested.

1

A true copy of the original I Certify
the ___ day of _____ 20 __
MARICELA G. GONZALEZ
Clerk of the District Court
Dimmit County, Texas
By_____, Deputy

## III.
## JURISDICTION AND VENUE

4.    The subject matter in controversy is within the jurisdictional limits of this Court.

5.    This Court has jurisdiction in this case because the incident is based on appropriate subject matter of personal injury and based upon sufficient amount in controversy.

6.    Venue in Dimmit County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV.
## FACTUAL BACKGROUND

7.    Defendant Southern Tire Mart is an entity conducting business in the State of Texas. Defendant has several stores throughout Texas. Defendant's website www.stmtires.biz identifies numerous commercial tires which are sold as part of its business purpose.

8.    Defendant requires the use of labor for which it employs many individuals in the State of Texas. An exact number of employees in Texas is unknown at this time. Additionally, Defendant is a nonsubscriber of Texas Workers' Compensation Insurance Coverage System.

9.    As such, Defendant's employees injured while in the course and scope of their employment are not barred from filing a lawsuit against Southern Tire Mart. Moreover, Southern Tire Mart is named as a Defendant in Texas in other lawsuits alleging employer negligence which caused the injured worker to sustain to injuries.

10.   Defendant employs individuals known as store managers and service managers who oversee the hiring and training of new employees. Moreover, the store managers and service managers supervise the daily activities of Defendant's lower level employees including tire

2

installers and technicians. Store managers also inspect the vehicles, tools and equipment the tire installers and technicians which are used for offsite repairs and/or installations.

11.     As such, Defendant and its managers have a legal duty to ensure that each employee is proper training and instruction for tasks assigned. Defendant and its managers have a legal duty to provide each employee with a safe work environment. Defendant and its managers have a legal duty provide each employee with the necessary and proper vehicles, tools and equipment to complete the tasks assigned.

12.     On or about October 5, 2018, Plaintiff Manuel Guerrero was present at Southern Tire Mart located in Carrizo Springs, Texas. On that day, Plaintiff was dispatched to an oilfield wellsite off Diamond H Rd. in Dimmit County, Texas. Plaintiff was in the course and scope of his employment with Defendant.  Plaintiff was instructed to replace a tire on a telehandler the oilfield site.

13.     Upon arrival, Plaintiff noticed the tire flat and partially off the tire rim.  Plaintiff began raising the telehandler with the jack placed on a wood block as instructed during his training. While Plaintiff was lifting the telehandler, the wood block snapped in half.  Instantly the telehandler crashed down onto Plaintiff's left shoulder.  Defendant and its managers' conduct including providing and instructing Plaintiff to use a wood block created a dangerous situation which proximately caused and/or contributed to Plaintiff's injuries which were foreseeable.

14.     Plaintiff has required continued medical treatment. Moreover, the injuries proximately caused by Defendant and its managers resulted in permanent injury to Plaintiff. Consequently, Plaintiff has filed this lawsuit as a result of the injuries and damages sustained as a result of Defendants' negligent acts and/or omissions.

3

## V.
## NEGLIGENCE

**SOUTHERN TIRE MART, LLC**

15.    All facts and jurisdictional facts stated above in sections I. through IV. are incorporated herein by reference as if fully set forth with emphasis added to paragraphs 7 through 14. Plaintiff asserts claims and cause of action of negligence against Defendant Southern Tire Mart, LLC. Plaintiff's claims and cause of action which form the basis of this litigation are due to Defendant the negligent acts and/or omissions pertaining to the work environment Plaintiff was subjected to as an employee of Southern Tire Mart.

16.    All facts and jurisdictional facts stated above in sections I. through IV. are incorporated herein by reference as if fully set forth with emphasis added to paragraphs 7 through 14. As the former employer of Plaintiff, Defendant owed a legal duty to its employees including Plaintiff to enjoy a safe workplace and safe work environment.  Moreover, Defendant is vicariously liable for the negligent acts and/or conduct of its employees including the store manager and/or service manager whose negligent acts and/or omissions proximately caused Plaintiff's injuries and damages. Defendant breached a legal duty owed to Plaintiff which caused his injuries and damages complained of in this lawsuit in the following manner:

    a.  failing to provide a safe work environment;
    b.  negligent hiring, retention and supervision of its employees;
    c.  failure to warn of unknown dangers;
    d.  negligent instructions and oversight;
    e.  negligent undertaking;
    f.  failing to provide adequate training of its employee;
    g.  failing to provide necessary tools, supplies and equipment;
    h.  negligently providing inferior and/or poorly maintained tools, supplies and equipment; and
    i.  failing to establish and maintain policies and procedures to prevent injuries such as those injuries sustained by Plaintiff.

4

17.     All facts and jurisdictional facts stated above in sections I. through IV. are incorporated herein by reference as if fully set forth with emphasis added to paragraphs 7 through 14. As a direct result of the negligent conduct of Defendant and is store and/or service manager, Plaintiff sustained injuries and damages.  Plaintiff would further show that Defendant and/or its managers knew or should have known that the negligent conduct would result in injuries to employees including Plaintiff.  Therefore, Plaintiff's injuries were reasonably foreseeable by his employer and/or its managers.

18.     Plaintiff would further show that Defendant and its manager(s) were aware of the substantial risk of injury to its employees including Plaintiff while using wood blocks to replace commercial tires.  Plaintiff would further show that Defendant and its manager(s) acted with reckless disregard or deliberate indifference toward Plaintiff when providing him with training, equipment and task assignments.

## VI.
## DAMAGES

19.     Plaintiff would show, as a direct and proximate result of the negligent acts and/or omissions of the Defendants herein, that Plaintiff has suffered the following damages for which he has filed this lawsuit:

        a.  Physical and emotional injuries;
        b.  Conscious physical pain and suffering in the past and future;
        c.  Mental anguish;
        d.  Permeant physical impairment;
        e.  Past and future medical expenses;
        f.  Lost wages; and
        g.  Loss of earning capacity.

20.     Many elements of damage, including pain, suffering and mental anguish in the past and future, past and future physical impairment, and lost earning capacity, cannot be determined with mathematical precision.  Furthermore, the determination of many of these elements of damages

peculiarly within the province of a jury. Plaintiff is seeking damages in an amount not less than $200,000.00 but not more than $1,000,000.00.

## VII.
## JURY DEMAND

21.     Plaintiff hereby requests a trial by jury.

## VIII.
## REQUESTS FOR DISCLOSURE

22.     Pursuant to Rule 194, Texas Rules of Civil Procedure, Defendant is requested to disclose to Plaintiff, within 50 days of service of this request, the information or material described in Rule 194.2 to be produced at The Martinez Law Firm, 12330 West Ave., Ste. 201A, San Antonio, Texas 78216. The Defendant is hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## IX.
## PRAYER

WHEREFORE, PREMISE CONSIDERED, Plaintiff prays the Defendant be duly cited to appear and answer herein, and that upon final trial of this cause, Plaintiff have and recovers a judgment of and from the Defendant herein, in an amount within the jurisdictional limits of this court, for both pre-judgment and post-judgment interest as allowed by law, plus costs of court, and for such other and further relief, both general and special, at law or in equity, to which the Plaintiff may be justly entitled.

Respectfully submitted,

By:  /s/ G. James Martinez
G. James Martinez
State Bar No. 24089444
The Martinez Law Firm
12330 West Ave. Ste. 201A
San Antonio, TX 78216
T: (210) 390-0868
F: (877) 330-7572
Email: martinezfirm@gmail.com
ATTORNEYS FOR PLAINTIFF

7

# THE STATE OF TEXAS

## CITATION BY CERTIFIED MAIL
### CAUSE NO.: 19-04-13643-DCVAJA



A True Copy of the original, I Certify
the 29th day of MAY 20 19
MARICELA G. GONZALEZ
Clerk of the District Court
Dimmit County, Texas
By: Amy M. , Deputy

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

TO: **SOUTHERN TIRE MART, LLC** may be served with process by serving its registered agent
CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.
*(PLEASE SEE CERTIFIED COPY OF PLAINTIFF'S ORIGINAL PETITION ATTACHED)*

Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10:00 o'clock a.m. on the Monday next after the expiration of 20 days after the date of service hereof before the honorable 365TH DISTRICT COURT of Dimmit County, Texas at the Court House of said County in Carrizo Springs, Texas.

Said Plaintiff's Petition was filed in said Court, by G. JAMES MARTINEZ, whose address is 12330 WEST AVE., STE.201A, SAN ANTONIO, TEXAS 78205 on 10th day of April, 2019, in this case, numbered 19-04-13643-DCVAJA on the docket of said court, and styled:

MANUEL GUERRERO
VS.
SOUTHERN TIRE MART, LLC

The Nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION accompanying this citation and made part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at office, this the 10th day of April, 2019.

Attest:
MARICELA G. GONZALEZ, DISTRICT CLERK
Dimmit County, Texas
103 North 5th Street
Carrizo Springs, TX 78834

SEAL

By: Amy Muñoz
AMY MUÑOZ, DEPUTY

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | CERTIFICATE OF DELIVERY BY MAIL |
|---|---|
| Rule 106 (a) (2) the citation shall be served by mailing to the defendant by _____ certified mail _____ Return receipt requested , a true copy of the Citation _____. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court. | I hereby certify that on the ____ day of _____, 2____ at _____ o'clock ____M, I mailed to _____ Defendant(s) by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of te petition attached hereto. |
| *NAME OF PREPARER                                TITLE | _____ |
| ADDRESS | _____ |
| CITY                      STATE        ZIP | TITLE |

Case No. 19-04-13643-DCVAJA

MANUEL GUERRERO
VS.
SOUTHERN TIRE MART, LLC

Citation by Certified Mail

in the 365TH DISTRICT COURT
of
DIMMIT COUNTY, TEXAS

**Issued**
This 10th day of April, 2019
Maricela G. Gonzalez, District Clerk
Dimmit County, Texas

By _____
AMY MUNOZ, DEPUTY

**Filed**
This _____ day of _____, 2_____
Maricela G. Gonzalez, District Clerk
Dimmit County, Texas

By _____
AMY MUNOZ, DEPUTY



USPS TRACKING#

9590 9402 2214 6193 6233 19

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

FILED FOR RECORD
At 10:14 o'clock A/M
APR 29 2019
MARICELA G. GONZALEZ
District Clerk, Dimmit County, Texas
By_____

Sender: Please print your name, address, and ZIP+4® in this box●

MARICELA G. GONZALEZ
DIMMIT COUNTY DISTRICT CLERK
103 N. 5TH STREET
CARRIZO SPRINGS, TEXAS 78834

CAUSE# 19-04-13143-DCVAJA

A True Copy of the original I Certify.
_____ 20 19
MARICELA G. GONZALEZ
Clerk of the District Court
Dimmit County, Texas
By_____ Deputy

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**1. Article Addressed to:**

CT CORPORATION SYSTEM
SOUTHERN TIRE MART, LLC
1999 BRYAN STREET, STE.
DALLAS, TEXAS 75201-3136 900

9590 9402 2214 6193 6233 19

**2. Article Number** *(Transfer from service label)*

7018 1130 0000 9649 4108

*COMPLETE THIS SECTION ON DELIVERY*

**A. Signature**

X _____  ☐ Agent
                         ☐ Addressee

**B. Received by** *(Printed Name)*   **C. Date of Delivery**

**D.** Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:              ☐ No

**3. Service Type**
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery ($500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☑ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

Filed 5/3/2019 3:41 PM
Maricela G. Gonzalez
District Clerk
Dimmit County, Texas
Reviewed By: Amy Munoz

## CAUSE NO. 19-04-13643-DCVAJA

| | | |
|---|---|---|
| **MANUEL GUERRERO** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **VS.** | § | **365TH JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **SOUTHERN TIRE MART, LLC** | § | **DIMMIT COUNTY, TEXAS** |

## DEFENDANT SOUTHERN TIRE MART, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND DEMAND FOR JURY TRIAL

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Southern Tire Mart, LLC, a Defendant in the above-styled and numbered cause, and files this, its Original Answer to Plaintiff's Original Petition and Demand for Jury Trial, and would respectfully show the Court the following:

### I.

### GENERAL DENIAL

Defendant generally denies each and every, all and singular, the material allegations contained in the Plaintiff's Original Petition and, being allegations of fact, demands that the Plaintiff be required to prove such allegations by a preponderance of the evidence if the Plaintiff can so do.

### II.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury. The jury fee has been previously submitted.

A True Copy of the original, I Certify
the ___ day of _____, 20___
MARICELA G. GONZALEZ
Clerk of the District Court
Dimmit County, Texas
By: _____ Deputy

Defendant Southern Tire Mart, LLC's Original Answer to Plaintiff's Original Petition -- Page 1

**III.**

Defendant requests Level 3 Discovery Plan.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Plaintiff takes nothing by this suit; and that Defendant goes hence without delay and recover all costs expended in Defendant's behalf. Praying further, Defendant prays for such other and further relief, either at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**CHAMBLEE RYAN, P.C.**

By:    /s/ *Jeffrey W. Ryan*
          Jeffrey W. Ryan
          State Bar No. 17469600
          jryan@cr.law

2777 Stemmons Freeway, Suite 1157
Dallas, Texas 75207
(214) 905-2003
(214) 905-1213 (Facsimile)
**ATTORNEY FOR DEFENDANT**
**Southern Tire Mart, LLC**

**CERTIFICATE OF SERVICE**

I do hereby certify that on May 3, 2019 a true and correct copy of the above and foregoing document has been forwarded via e-serve to Plaintiff's counsel of record:

G. James Martinez
The Martinez Law Firm
12330 West Avenue, Suite 210A
San Antonio, TX 78216

/s/ *Jeffrey W. Ryan*
Jeffrey W. Ryan