UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MANUEL GUERRERO | § § | |
| VS. | § § | CIVIL ACTION NO. 5:19-CV-00502-DAE |
| SOUTHERN TIRE MART, LLC | § § | |

## UNOPPOSED MOTION TO COMPEL ARBITRATION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Southern Tire Mart, LLC ("Southern Tire Mart") respectfully files this Unopposed Motion to Compel Arbitration in the captioned case and states as follows in support thereof:

### INTRODUCTION

1. Plaintiff is Manuel Guerrero. Defendant is Southern Tire Mart.

2. Plaintiff sued Southern Tire Mart, claiming that he suffered injury while trying to replace a tire on a telehandler. *See* Exhibit A, Plaintiff's Original Petition, ¶¶ 12-14. According to Plaintiff's lawsuit, the injury occurred when a wood block supporting the jack he was using to raise the telehandler snapped in half. *See id.*, ¶¶ 13-14.

3. Plaintiff entered into an arbitration agreement with Southern Tire Mart. A true and correct copy of Southern Tire Mart's Arbitration Policies and Procedures ("APP") is attached hereto as Exhibit "B." A copy of Plaintiff's signed acknowledgment of the APP is attached hereto as Exhibit "C."

4. Southern Tire Mart asks the Court to compel Plaintiff to arbitrate according to the agreement to arbitrate that is in effect between the parties.

5. Plaintiff has indicated through his counsel that he is unopposed to arbitrating this matter pursuant to the APP with the American Arbitration Association (AAA) in San Antonio,

Texas. Southern Tire Mart is also willing to arbitrate this matter with the AAA in San Antonio.

## ARGUMENT

5.  When a party seeking to compel arbitration proves that the parties entered into a valid arbitration agreement, and the claim at issue falls within the scope of the agreement, the court should compel arbitration. *See Dealer Computer Services, Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 886-87 (5th Cir. 2009).

6.  The court should compel arbitration because the Parties mutually agreed to arbitrate disputes such as this one. Specifically, the parties entered into a valid, written contractual agreement to arbitrate. *See* Exhibits B, C. The Agreement requires the parties to participate in binding arbitration to resolve any dispute related to tort claims, including negligence. Ex. B, pp. 49-50.

7.  As noted above, Plaintiff is unopposed to arbitrating this matter with the AAA in San Antonio, and Southern Tire Mart is willing to do the same.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Southern Tire Mart prays that this Unopposed Motion to Compel Arbitration be granted. Praying further, Defendant Southern Tire Mart prays for such other and further relief, either at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**CHAMBLEE RYAN, P.C.**

By: /s/ Jeffrey W. Ryan
      **JEFFREY W. RYAN**
      State Bar No. 17469600
      jryan@cr.law

2777 N. Stemmons Freeway, Suite 1157
Dallas, Texas 75207
(214) 905-2003
(214) 905-1213 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have conferred with counsel regarding the foregoing pleading and confirmed that counsel for all parties are unopposed to this motion.

Certified to this the 30th day of July, 2019.


        /s/ Jeffrey W. Ryan
        Jeffrey W. Ryan

**CERTIFICATE OF SERVICE**

I do hereby certify that on July 30, 2019 a true and correct copy of the above and foregoing document has been forwarded via the Court's e-filing service to the following counsel of record:

G. James Martinez
The Martinez Law Firm
12330 West Avenue, Suite 201A
San Antonio, Texas 78216


        /s/ Jeffrey W. Ryan
        **JEFFREY W. RYAN**



Filed 4/10/2019 1:12 PM
Maricela G. Gonzalez
District Clerk
Dimmit County, Texas
Reviewed By: Amy Munoz

CAUSE NO. 19-04-13643-DCVAJA

| | | |
|---|---|---|
| MANUEL GUERRERO | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 365TH JUDICIAL DISTRICT |
| | § | |
| SOUTHERN TIRE MART, LLC | § | DIMMIT COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MANUEL GUERRERO, Plaintiff in the above-styled and numbered cause (hereinafter called "Plaintiff"), complaining of SOUTHERN TIRE MART, LLC, Defendant (hereinafter called "Defendant" or "Southern Tire Mart"), and would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### II.
### PARTIES AND SERVICE

2. Plaintiff Manuel Guerrero is an individual who is a resident of the State of Texas whose address is 1207 North 11th Street, Carrizo Springs, Texas 78834. The last three numbers of Plaintiff's driver's license are 975 and the last three of his social security number are 507.

3. Defendant SOUTHERN TIRE MART, LLC, is an entity conducting business in Texas and may be served with citation by and through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. Citation and service are hereby requested to issue via certified mail return receipt requested.



1

I, MARICELA G. GONZALEZ, District Clerk of Dimmit County, Texas hereby certify that the foregoing consisting of 7 pages, is a true, correct and full copy of the instrument herewith set out as it appears of record in the District Clerk's office of Dimmit County, Texas this 10th day of April, 2019.

Maricela G. Gonzalez, District Clerk
By: _____ Deputy

## III.
## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this Court.

5. This Court has jurisdiction in this case because the incident is based on appropriate subject matter of personal injury and based upon sufficient amount in controversy.

6. Venue in Dimmit County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV.
## FACTUAL BACKGROUND

7. Defendant Southern Tire Mart is an entity conducting business in the State of Texas. Defendant has several stores throughout Texas. Defendant's website www.stmtires.biz identifies numerous commercial tires which are sold as part of its business purpose.

8. Defendant requires the use of labor for which it employs many individuals in the State of Texas. An exact number of employees in Texas is unknown at this time. Additionally, Defendant is a nonsubscriber of Texas Workers' Compensation Insurance Coverage System.

9. As such, Defendant's employees injured while in the course and scope of their employment are not barred from filing a lawsuit against Southern Tire Mart. Moreover, Southern Tire Mart is named as a Defendant in Texas in other lawsuits alleging employer negligence which caused the injured worker to sustain to injuries.

10. Defendant employs individuals known as store managers and service managers who oversee the hiring and training of new employees. Moreover, the store managers and service managers supervise the daily activities of Defendant's lower level employees including tire

2

installers and technicians. Store managers also inspect the vehicles, tools and equipment the tire installers and technicians which are used for offsite repairs and/or installations.

11. As such, Defendant and its managers have a legal duty to ensure that each employee is proper training and instruction for tasks assigned. Defendant and its managers have a legal duty to provide each employee with a safe work environment. Defendant and its managers have a legal duty provide each employee with the necessary and proper vehicles, tools and equipment to complete the tasks assigned.

12. On or about October 5, 2018, Plaintiff Manuel Guerrero was present at Southern Tire Mart located in Carrizo Springs, Texas. On that day, Plaintiff was dispatched to an oilfield wellsite off Diamond H Rd. in Dimmit County, Texas. Plaintiff was in the course and scope of his employment with Defendant. Plaintiff was instructed to replace a tire on a telehandler the oilfield site.

13. Upon arrival, Plaintiff noticed the tire flat and partially off the tire rim. Plaintiff began raising the telehandler with the jack placed on a wood block as instructed during his training. While Plaintiff was lifting the telehandler, the wood block snapped in half. Instantly the telehandler crashed down onto Plaintiff's left shoulder. Defendant and its managers' conduct including providing and instructing Plaintiff to use a wood block created a dangerous situation which proximately caused and/or contributed to Plaintiff's injuries which were foreseeable.

14. Plaintiff has required continued medical treatment. Moreover, the injuries proximately caused by Defendant and its managers resulted in permanent injury to Plaintiff. Consequently, Plaintiff has filed this lawsuit as a result of the injuries and damages sustained as a result of Defendants' negligent acts and/or omissions.

## V.
## NEGLIGENCE

**SOUTHERN TIRE MART, LLC**

15. All facts and jurisdictional facts stated above in sections I. through IV. are incorporated herein by reference as if fully set forth with emphasis added to paragraphs 7 through 14. Plaintiff asserts claims and cause of action of negligence against Defendant Southern Tire Mart, LLC. Plaintiff's claims and cause of action which form the basis of this litigation are due to Defendant the negligent acts and/or omissions pertaining to the work environment Plaintiff was subjected to as an employee of Southern Tire Mart.

16. All facts and jurisdictional facts stated above in sections I. through IV. are incorporated herein by reference as if fully set forth with emphasis added to paragraphs 7 through 14. As the former employer of Plaintiff, Defendant owed a legal duty to its employees including Plaintiff to enjoy a safe workplace and safe work environment. Moreover, Defendant is vicariously liable for the negligent acts and/or conduct of its employees including the store manager and/or service manager whose negligent acts and/or omissions proximately caused Plaintiff's injuries and damages. Defendant breached a legal duty owed to Plaintiff which caused his injuries and damages complained of in this lawsuit in the following manner:

   a. failing to provide a safe work environment;
   b. negligent hiring, retention and supervision of its employees;
   c. failure to warn of unknown dangers;
   d. negligent instructions and oversight;
   e. negligent undertaking;
   f. failing to provide adequate training of its employee;
   g. failing to provide necessary tools, supplies and equipment;
   h. negligently providing inferior and/or poorly maintained tools, supplies and equipment; and
   i. failing to establish and maintain policies and procedures to prevent injuries such as those injuries sustained by Plaintiff.

17. All facts and jurisdictional facts stated above in sections I. through IV. are incorporated herein by reference as if fully set forth with emphasis added to paragraphs 7 through 14. As a direct result of the negligent conduct of Defendant and is store and/or service manager, Plaintiff sustained injuries and damages. Plaintiff would further show that Defendant and/or its managers knew or should have known that the negligent conduct would result in injuries to employees including Plaintiff. Therefore, Plaintiff's injuries were reasonably foreseeable by his employer and/or its managers.

18. Plaintiff would further show that Defendant and its manager(s) were aware of the substantial risk of injury to its employees including Plaintiff while using wood blocks to replace commercial tires. Plaintiff would further show that Defendant and its manager(s) acted with reckless disregard or deliberate indifference toward Plaintiff when providing him with training, equipment and task assignments.

## VI.
## DAMAGES

19. Plaintiff would show, as a direct and proximate result of the negligent acts and/or omissions of the Defendants herein, that Plaintiff has suffered the following damages for which he has filed this lawsuit:

    a. Physical and emotional injuries;
    b. Conscious physical pain and suffering in the past and future;
    c. Mental anguish;
    d. Permeant physical impairment;
    e. Past and future medical expenses;
    f. Lost wages; and
    g. Loss of earning capacity.

20. Many elements of damage, including pain, suffering and mental anguish in the past and future, past and future physical impairment, and lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damages

5

peculiarly within the province of a jury. Plaintiff is seeking damages in an amount not less than $200,000.00 but not more than $1,000,000.00.

## VII.
## JURY DEMAND

21.   Plaintiff hereby requests a trial by jury.

## VIII.
## REQUESTS FOR DISCLOSURE

22.   Pursuant to Rule 194, Texas Rules of Civil Procedure, Defendant is requested to disclose to Plaintiff, within 50 days of service of this request, the information or material described in Rule 194.2 to be produced at The Martinez Law Firm, 12330 West Ave., Ste. 201A, San Antonio, Texas 78216. The Defendant is hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## IX.
## PRAYER

WHEREFORE, PREMISE CONSIDERED, Plaintiff prays the Defendant be duly cited to appear and answer herein, and that upon final trial of this cause, Plaintiff have and recovers a judgment of and from the Defendant herein, in an amount within the jurisdictional limits of this court, for both pre-judgment and post-judgment interest as allowed by law, plus costs of court, and for such other and further relief, both general and special, at law or in equity, to which the Plaintiff may be justly entitled.

6

Respectfully submitted,

By: /s/ G. James Martinez
G. James Martinez
State Bar No. 24089444
The Martinez Law Firm
12330 West Ave. Ste. 201A
San Antonio, TX 78216
T: (210) 390-0868
F: (877) 330-7572
Email: martinezfirm@gmail.com
ATTORNEYS FOR PLAINTIFF

Southern Tire Mart Employee Handbook | 20180925

## SECTION XIV. ARBITRATION POLICY AND PROCEDURES

This Arbitration Policy and Procedures covers important issues relating to your rights. It is your sole responsibility to read it and understand it. You are free to seek assistance from independent advisors of your choice outside the Company or to refrain from doing so if that is your choice.

**OVERVIEW:** Southern Tire Mart, LLC (hereinafter simply "the Company") recognizes that disputes may exist or arise between the Company and its employees, that lawsuits are a frustratingly slow and expensive means of resolving disputes, and that arbitration is a faster, less expensive but fair means of resolving disputes for all parties. Arbitration is a dispute resolution process in which an independent, impartial person (the arbitrator) listens to each side present its position and supporting evidence and then decides how the dispute is resolved, much like a trial before a judge. The main differences are that no jury is available in arbitration, the process is less formal than the trial of a lawsuit, and the entire proceeding is private and confidential. The arbitrator's decision is final and binding on all parties and is subject to appeal only in the limited circumstances provided by law.

The Company, like thousands of employers across the United States, believes that arbitration is beneficial for both it and its employees, because arbitration provides a fair, final resolution of employment disputes in a timely, cost-effective manner. Therefore, this Arbitration Policy and Procedures is adopted as an official employment policy of the Company. The Company will not revise, supplement or rescind this Arbitration Policy and Procedures without first giving written notice to its employees. Any revision, supplement or rescission of this Arbitration Policy and Procedures will be prospective only (meaning that any change will take effect only after the date of notice of it, and the change will not apply to any dispute then going on), and the Company will give employees 20 days' notice of the revision, supplement or rescission of this Arbitration Policy and Procedures. (The Company reserves the right to change all <u>other</u> policies and procedures at any time without notice and for any reason the Company deems sufficient.)

<u>By continuing your employment with the Company, or by accepting employment with the Company, after you have been provided a copy of or otherwise received notice of this Arbitration Policy and Procedures, you accept all of the terms of this Arbitration Policy and Procedures and agree to be bound by them. The Company agrees that it is also bound by this Arbitration Policy and Procedures. The terms of this Arbitration Policy and Procedures are conditions of your employment. This agreement to arbitrate any and all disputes means you are agreeing to waive to the maximum extent permitted by law any right you may have to ask for a jury or court trial in any dispute with the Company.</u>

**CLAIMS SUBJECT TO ARBITRATION:** The claims covered by this Arbitration Policy and Procedures include any and all claims and disputes regarding this Arbitration Policy and Procedures and the Mutual Arbitration Agreement provided along with this Handbook, or involving the relationship between the Company and its employees. To the extent allowed by law, the claims and disputes covered by this Arbitration Policy and Procedures include, but are not limited to: (a) all claims and disputes that an


DEFENDANT'S EXHIBIT B

49

employee of the Company may now have or may in the future have against the Company, and (b) all claims that the Company may presently have or may in the future have against the employee.

By way of example, the claims covered by the Arbitration Policy and Procedures include, but are not limited to, all disputes with any entity or individual arising out of or related to: claims brought or sought to be brought as a class, mass or collective action; the application of employment, background checks, privacy, employment relationship or the termination of that relationship (including post-employment defamation or retaliation), including, but not limited to claims for wages or other compensation, bonuses, commissions, classification, minimum wage, recordkeeping, wage statements, reporting time pay, suitable seating, resting facilities and/or temperature, expense reimbursement, meal breaks and rest periods, overtime, vacation, sick leave, paid time off, uniform and/or equipment maintenance; breach of any contract, covenant, express or implied warranty (although no contractual relationship, other than at-will employment and this agreement to arbitrate, is hereby created); tort claims (including claims for bodily injury or physical, mental or psychological injury, without regard to whether such injury was sustained in the course and scope of employment); assault; battery; negligence; negligence per se and gross negligence; fraud; wrongful termination in violation of public policy, harassment, discrimination or retaliation; whistleblower retaliation; conspiracy; infliction (negligent or intentional) of emotional distress; claims for benefits under any employee welfare benefit plan or program sponsored by the Company (after exhausting administrative remedies under the terms of such plans); trade secrets; unfair competition; and claims arising under the Fair Credit Reporting Act, Defend Trade Secrets Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981 (Equal Rights), the Rehabilitation Act, the Civil Rights Act(s), including but not limited to the Civil Rights Act of 1964 and 1991, the Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Older Workers Benefits Protection Act of 1990, Family and Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and (a) covered by the Employee Retirement Income Security Act of 1974 or (b) funded by insurance), Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Occupational Safety and Health Act, Consolidated Omnibus Budget Reconciliation Act of 1985; state statutes or regulations addressing the same or similar subject matters; and all other federal or state legal claims or other governmental law, statute, regulation or ordinance, whether or not existing at the time of the Agreement (including without limitation torts); **and any and all claims challenging the formation, existence, validity or enforceability of this Arbitration Policy and Procedures (in whole or in part) or challenging the applicability of this Arbitration Policy and Procedures to a particular dispute or claim.**

**CLAIMS NOT SUBJECT TO ARBITRATION:** The following matters only are not covered by this Arbitration Policy and Procedures: (a) any criminal complaint or proceedings, and (b) claims before administrative agencies for unemployment benefits, workers' compensation benefits, unfair labor practices or discrimination charges. Nothing in this Arbitration Policy and Procedures prevents or excuses an employee of the duty to file a charge or complaint with a federal, state or local administrative agency charged with investigating and/or prosecuting complaints as may be required by applicable federal, state or municipal law, ordinance or regulation. This Arbitration Policy and Procedures does not apply to disputes arising

during any period of time when an employee has been covered by a collective bargaining agreement. In such cases, the terms of the collective bargaining agreement shall govern. The Company will not retaliate against an employee for filing a claim with an administrative agency or for exercising rights (individually or in concert with others) under Section 7 of the National Labor Relations Act.

**CLASS, COLLECTIVE AND REPRESENTATIVE ACTION WAIVER:** THIS ARBITRATION POLICY AND PROCEDURES PROHIBITS THE COMPANY AND THE EMPLOYEE FROM DEMANDING, FILING, JOINING, CONSENTING TO OR PARTICIPATING IN ANY LAWSUIT OR ARBITRATION PURPORTING TO FORM, OR SEEKING TO FORM, A CLASS, CLASS ACTION, COLLECTIVE ACTION, MASS ACTION OR REPRESENTATIVE ACTION LAWSUIT. THIS CLASS AND COLLECTIVE ACTION WAIVER APPLIES TO ALL CLAIMS ARISING UNDER CONTRACT, TORT, STATUTE OR OTHER SOURCES (EXCEPTING ONLY REPRESENTATIVE ACTIONS BROUGHT UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT).

**APPLIES TO OTHERS:** This Arbitration Policy and Procedures applies both to employees **and all of their successors, assigns, partners, heirs, minor children, spouses, parents and legal representatives** and the Company, and its affiliated companies and customers, successors, assigns, officers, directors, shareholders, partners, members, managers, owners, employees and agents, and any Company employee benefit plan and its administrators and fiduciaries.

**COMPLETE POLICY ON THE SUBJECT OF ARBITRATION:** This Arbitration Policy and Procedures is the complete policy between the Company and an employee on the subject of arbitration of disputes and takes the place of any other verbal or written understanding on this subject, excepting only a Mutual Arbitration Agreement or, for Texas employees, an Election and Arbitration Agreement related to the Southern Tire Mart, LLC Texas Employee Injury Benefit Plan. An employee must not rely on any statements, oral or written, on the subject, effect, enforceability or meaning of this Arbitration Policy and Procedures, except as specifically stated in this Arbitration Policy and Procedures. If any provision of this Arbitration Policy and Procedures is determined to be void or otherwise unenforceable, in whole or in part, such determination shall not affect the validity of the remainder of it, and such void or unenforceable provision shall be severed from this Arbitration Policy and Procedures.

**NOT AN EMPLOYMENT AGREEMENT:** This Arbitration Policy and Procedures shall not be construed to create any contract of employment, express or implied. Nor does this Arbitration Policy and Procedures in any way alter the at-will status of an employee's employment with the Company.

**DURATION:** This Arbitration Policy and Procedures shall survive the termination of the employee's employment with the Company and applies to any dispute, whether it arises or is asserted before, during or after the termination of the employee's employment with the Company.

**ARBITRATION PROCEDURES:**

**1. Initiating Claims:** A party asserting one or more claims or causes of action against the other party must (1) file a demand for arbitration with Dispute Solutions, Inc. (hereinafter "DSI") in accordance with the then-current rules of DSI governing employment disputes, which can be found on the DSI website (presently at http://dsi-adr.com) or by contacting DSI at P.O. Box 854, Caddo Mills, TX 75315, 1-888-347-3737 (or such other address or phone number for DSI), and, (2) at the same time, serve a written demand for arbitration on the other party or parties. Both the demand for arbitration to be filed with DSI and service of the demand for arbitration on the opposing party must be made within the applicable statute of limitations; the failure to file a demand and serve a written demand for arbitration within the applicable statute of limitations bars the claims and causes of action. Written demand on the Company or one or more of its successors, assigns, officers, directors, shareholders, partners, members, managers, owners, employees, agents, affiliates or benefit plans must be sent by certified or registered mail, return receipt requested to Southern Tire Mart, LLC, Attention: Vice President of Human Resources, 800 Highway 98, Columbia, Mississippi 39429 (or such other person or address as the Company may specify). If the Company (or an officer, affiliate, etc.) wishes to assert a claim, it will serve a written demand for arbitration on the employee by certified or registered mail, return receipt requested at the last address recorded in the employee's personnel file and will file such demand with DSI within the applicable statute of limitations. The failure of either party to acknowledge receipt of an arbitration demand shall in no way effect or otherwise invalidate the making or service of the demand. **Neither filing nor serving a lawsuit stops the applicable statute of limitations from continuing to run.**

**2. Representation:** Any party may be represented during pre-hearing procedures (as defined below) and/or at the arbitration hearing by an attorney or other representative selected by the party.

**3. Mediation:** Any arbitration that has been timely and properly demanded under Paragraph 1 above shall be stayed and shall not proceed until the parties to the arbitration have mediated the dispute with a mediator either agreed upon by all parties or, if agreement by all parties cannot be reached, by a mediator provided by DSI. This mediation requirement may be waived by written agreement signed by all parties or their counsel. The Company will pay the cost of the mediation. The mediation, to the extent it is conducted in person, will take place in the County in which the employee was last employed or at a mutually convenient location as may be agreed to by the parties.

**4. General Procedures:**
   a.   The arbitration will be conducted before one arbitrator appointed by DSI (or if DSI is unable to appoint an arbitrator, then by the American Arbitration Association (hereinafter "AAA")). The then-current rules of DSI governing employment dispute (or, if DSI is unable to appoint an arbitrator, then the then-current Employment Arbitration Rules and Mediation Procedures of the AAA, which can be accessed at the AAA website, currently found at https://www.adr.org/) shall control and be applied by the arbitrator. The arbitration hearing and prehearing conferences, to the extent such conferences are undertaken in person and not by telephone, will take place in the County in which the employee was last employed or at a mutually convenient location as may be agreed to by the parties.

b. The arbitrator shall apply the substantive law (and the laws of remedies, if applicable), in the state in which the claim arose, or federal law, or both, depending upon the claims asserted. The arbitrator shall also strictly apply the Federal Rules of Evidence, except that deposition testimony of a witness may be used at the arbitration hearing without regard to whether the witness is unavailable. All arbitration decisions and awards rendered pursuant to this Agreement shall be in writing and shall set forth brief findings of fact and conclusions of law. All arbitration decisions and awards rendered pursuant to this Arbitration Policy and Procedures shall be kept strictly confidential and shall not, except for filings regarding their judicial enforcement, be disclosed to anyone not an attorney, party representative, or party who actually attended the arbitration hearing. The arbitrator shall award the same relief as would be available to the parties if the claim were brought in court.

c. **To the extent allowed by applicable law, the arbitrator shall have the authority to rule on his or her own jurisdiction, including any objections with respect to the formation, existence, scope or validity of the arbitration policy.** The arbitrator shall have the authority to hear and rule on prehearing disputes and is authorized to hold prehearing conferences by telephone or in person as the arbitrator deems necessary. The arbitrator shall have the authority to hear a motion to dismiss and/or a motion for summary judgment by any party and in doing so shall apply the standards governing such motions under the Federal Rules of Civil Procedure. The arbitrator shall stay any timely and properly demanded arbitration until the parties mediate the dispute, unless mediation has been waived by written agreement signed by all parties or their counsel.

5. **Pre-Hearing Procedures:** Each party shall have the right to take the deposition of one individual and any expert witness designated by another party (except where applicable law requires otherwise). Additional discovery may be had only where the arbitrator so orders, upon a showing of substantial need (except where applicable law requires otherwise). At least 90 days before the arbitration, the parties must designate any expert witnesses. At least 30 days before the arbitration, the parties must exchange lists of witnesses, including any experts, and copies of all exhibits intended to be used at the arbitration hearing.

6. **Arbitration Fees and Costs:** There will be both administrative fees and arbitrator compensation incurred for any arbitration hearing. When an employee files and serves a demand, the filing fee, included in the administrative fees, for the arbitration hearing will be paid by the Company. Unless the employee chooses to pay all or a part of them, all other administrative fees and all of the arbitrator's compensation will also be paid by the Company. Arbitrator compensation and administrative fees are not subject to re-allocation in the award. Unless agreed otherwise, the Company will arrange for and pay the cost of a court reporter to provide a stenographic record of the proceedings at the hearing.

7. **Attorneys' Fees:** Each party shall be responsible for their own attorney's fees except as follows: (a) if any party prevails on a statutory claim which allows the prevailing party to be awarded attorney's fees; (b) if there is a written agreement providing for fees, the arbitrator shall award reasonable fees to the prevailing party, in accordance with the applicable law; or, (c) to the extent permitted by applicable law, such as by Federal Rule of Civil Procedure 11 or its state law equivalent, if either party pursues a claim covered by this Agreement by any means other than those set forth in this Agreement, the responding

party shall be entitled to dismissal of such action, and the recovery of all costs and attorneys' fees and losses related to such action.

**8. Interstate Commerce and the Federal Arbitration Act:** The Company is involved in transactions involving interstate commerce (*e.g.*, purchasing goods and services from outside the state which are shipped into it; utilizing the interstate mail, telephone and highway systems; and recruiting and advertising outside the state) and the employees' employment with the Company involves such commerce. Therefore, the Federal Arbitration Act, Title 9 of the United States Code, will govern the interpretation, enforcement, and all judicial proceedings under and/or with respect to this Arbitration Policy and Procedures. However, if the Federal Arbitration Act should be held to be inapplicable to this Arbitration Policy and Procedures, or if this Arbitration Policy and Procedures should be unenforceable, for any reason, under the Federal Arbitration Act, then the common law of the State of Mississippi, where the Company maintains its principal place of business, or, to the extent that application of Mississippi common law is contrary to applicable choice of law standards or public policy, then the common law of the state in which the employee was last employed, shall govern this Arbitration Policy and Procedures and all judicial proceedings under and/or with respect to it to the extent necessary to make it enforceable to the maximum extent possible.

Adopted effective September 1, 2018.
**Southern Tire Mart, LLC**

By: _____
Authorized Agent of the Company

Southern Tire Mart Employee Handbook | 20180925

**ACKNOWLEDGEMENT OF ARBITRATION POLICY AND PROCEDURES:**

I have reviewed the Southern Tire Mart, LLC Arbitration Policy and Procedures in the Employee Handbook, and I understand that I am waiving my right to a jury or court trial and agreeing to binding arbitration by accepting or continuing my employment with Southern Tire Mart for more than twenty (20) days after receiving the Arbitration Policy and Procedures contained in the Employee Handbook or any future written revision, supplement or rescission of the Arbitration Policy and Procedures.

_Manuel Guerrero_
Employee Name (print)

_Manuel [signature]_
Employee Signature

_Carrizo Springs, TX   #478_
Location

_1-28-19_
Date

_Abigail Samaniego_
Witness

55

DEFENDANT'S EXHIBIT C